IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH KAIMANA, | ) | CIVIL NO. 20-00048 JAO-KJM |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS PETITIONER'S |
| vs. | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS UNDER 28 U.S.C. § 2241 |
| HIROMICHI KOBAYASHI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241**

Petitioner Joseph Kaimana ("Petitioner") is incarcerated at the Federal

Detention Center ("FDC") in Honolulu, Hawaiʻi.  He filed the instant Petition for

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, asserting that the Federal

Bureau of Prison's ("BOP") interpretation of the term "imprisonment" under 18

U.S.C. § 3621(b) violates the Administrative Procedures Act ("APA"), 5 U.S.C.

§ 706, "because Congress never intended a pretrial detention facility to be 'the

prisoner's place of imprisonment,' since such does not comport with Eighth

Amendment demands and statutory requirements."[1]  Pet. at 4.  Petitioner requests that the Court deem unlawful the BOP's interpretation of "imprisonment" and find that permanently housing prisoners at FDC violates the Eighth Amendment and § 3621(b).  ECF No. 1-1 at 13.  Respondent Hiromichi Kobayashi ("Respondent") moves to dismiss the Petition for lack of jurisdiction and failure to state a cognizable habeas corpus claim.  For the following reasons, the Court HEREBY GRANTS Respondent's Motion to Dismiss Petitioner's Petition for Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 4.

## BACKGROUND

Petitioner began serving a 20-year sentence in 2013 at the Federal Correctional Institution ("FCI") Herlong in California.  ECF No. 1-1 at 1.  In 2015, he was transferred to a low-security prison in Texas.  *Id.*  According to Petitioner, despite his early 2017 request to be transferred back to California to be near family, the BOP transferred him to FDC because it "'needed bodies' to increase the facility's operating budget."  *Id.*

In July 2019, Petitioner started exhausting his administrative remedies.  *Id.* Petitioner's argument that his transfer to FDC violated § 3621(b) is premised on

---

[1]  The memorandum in support of the Petition is identical, save for the introduction and factual background, to the memorandum submitted in *Schulze v. Kobayashi*, Civil No. 20-00047 LEK-KJM.

his view that FDC is a pretrial detention facility, not a prison. *Id.* BOP responded that FDC is a penal or correctional facility properly housing Petitioner and that detention facilities constitute penal and correctional facilities under § 3621(b). *Id.*

## STANDARD OF REVIEW

When a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers a general grant of habeas jurisdiction. 28 U.S.C. § 2241(a) and (c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), also applicable to § 2241,[2] requires courts to conduct a preliminary review of each petition for writ of habeas corpus. *See* Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the district court must summarily dismiss the petition. *Id.* The district court should not dismiss a habeas petition "without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

---

[2] *See* Rule 1(b).

<u>DISCUSSION</u>

Respondent seeks dismissal for (1) lack of jurisdiction because the BOP has sole discretion with respect to prisoners' designation and transfer at any point during their sentence;[3] (2) failure to present a cognizable habeas claim; and (3) lack of standing to challenge housing determinations for other inmates.  Petitioner insists that this Petition concerns the BOP's interpretation of a statute, not its discretionary determinations.  But Petitioner's characterization of his claims does not exclusively guide the Court's analysis.  His efforts to label his claims as falling within the province of habeas corpus to avoid dismissal are unavailing.

I.      <u>Jurisdiction</u>

"Federal law opens two main avenues to relief on complaints related to imprisonment:  a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750

---

[3]  Respondent notes that the issues here are nearly identical to those raised in *Schulze v. Federal Bureau of Prisons*, Civil No. 19-00669 JAO-WRP.  Petitioner erroneously argues that the claims were never dismissed because they were never addressed due to this Court's failure to consider a memorandum and exhibits.  ECF No. 8 at 1.  The primary issues presented here were in fact addressed in *Schulze*.  Schulze also filed an emergency motion for preliminary injunction, to which he attached a memorandum, which the Court lacked jurisdiction to address.  As discussed above, the Court has a responsibility to conduct a preliminary review of each petition for writ of habeas corpus and must summarily dismiss the petition when a petitioner is not entitled to relief.  *See* Rule 4.  When a petition is dismissed, any request for injunctive relief pursuant to that petition is moot.  In any event, this case is being adjudicated independently, notwithstanding its substantial similarity to other cases.

(2004) (per curiam).  Habeas relief extends to a prisoner in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A petitioner challenging the manner, location, or conditions of the execution of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citation omitted); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241 petition, which tests the sentence "as it is being executed").  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad*, 540 U.S. at 750 (citation omitted); *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

By contrast, claims that challenge conditions of confinement, and which would not necessarily impact the fact or duration of confinement do not fall within "the core of habeas corpus" and must be brought under § 1983.  *See Nettles*, 830 F.3d at 934-35; *Muhammad*, 540 U.S. at 750 ("[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action.").  In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for civil rights violations by federal actors.

A.   <u>APA</u>

Respondent argues that the APA does not provide jurisdiction for the Court to review the BOP's designation of a place of imprisonment.  Although he invoked the APA, and relies on the APA for relief, Petitioner suggests in his Opposition that he need not invoke the APA to review the BOP's statutory interpretation and that such review is conducted pursuant to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *Chevron* does not come into play unless an agency decision is challenged under the APA.  *See Alaska Wilderness League v. Jewell*, 788 F.3d 1212, 1218 (9th Cir. 2015) (considering *Chevron* deference in the context of APA claims); *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235, 1244 (9th Cir. 2013) (same).

The APA authorizes judicial review for an individual "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, unless "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by

law." 5 U.S.C. § 701(a)[4]; *see Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011).  Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  Indeed, the BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."  *Id.*  And "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [§ 3621(b)] *is not reviewable by any court*."  *Id.* (emphasis added).

---

[4]  Petitioner cites § 706, which provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall—
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . .
>
> . . . .
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706.

Section 3625 of Title 18 of the U.S. Code, titled "Inapplicability of the Administrative Procedures Act," plainly "specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to 'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621–3624." *Reeb*, 636 F.3d at 1227.  As explained above, § 3621(b) vests the BOP with the authority to determine where a prisoner will serve his imprisonment.  Allowing prisoners to file habeas petitions under § 2241 to challenge the BOP's discretionary determinations pursuant to § 3621 would contravene § 3625.  *See id.*  Because the BOP's substantive decisions regarding a prisoner's place of imprisonment are not reviewable, "federal courts lack jurisdiction to review the BOP's . . . determinations made pursuant to 18 U.S.C. § 3621."[5]  *Id.* at 1227–28.

Petitioner claims that he is not challenging the BOP's discretion to designate the place of a prisoner's imprisonment or to make transfer decisions.  Rather, he challenges the BOP's interpretation of the term "imprisonment" to designate FDC, a pretrial detention facility, as his place of imprisonment.  No matter how he attempts to frame it, the gravamen of his allegations is that the BOP improperly sent him and other sentenced prisoners to FDC, a *discretionary decision*.  Indeed, through this habeas action, Petitioner ultimately wants an injunction:  (1) barring

---

[5]  Aggrieved inmates should instead raise such challenges under the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10-19.  *See id.* at 1227.

further transfer of sentenced prisoners to FDC and (2) re-designating and transferring each prisoner at FDC to a prison in the continental United States that is commensurate with his or her security classification.[6]

Petitioner relies on *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008), to support jurisdiction for his challenge to the BOP's interpretation of "penal or correctional facility" under § 3621(b), believing that it involved a challenge to the BOP's interpretation of § 3621(b). ECF No. 8 at 2 ¶¶ 4–5. *Rodriguez* is distinguishable. There, the petitioner challenged a BOP *regulation*[7] that prevented him from being immediately considered for Residential Re-entry Center placement. *See Rodriguez*, 541 F.3d at 1181. The habeas petition asserted that the regulation directly conflicted with § 3621(b). *See id.* Here, Petitioner does not contest a regulation in conflict with § 3621(b), he argues that the BOP is improperly applying § 3621(b). Pet. at 4 ("The BOP's interpretation of the term

---

[6] In his Opposition, Petitioner concedes that he cannot seek relief on behalf of other inmates. ECF No. 8 at 4 ¶ 11. He therefore limits his request for relief to himself. *Id.*

[7] Under the regulation, *see* 28 C.F.R. §§ 570.20, 570.21, the BOP limited "inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." *Rodriguez*, 541 F.3d at 1183 (citation omitted).

'imprisonment' under 18 U.S.C. Section 3621(b) violates Section 706(2) of the Administrative Procedures Act.").  Because the APA does not apply to any determinations made pursuant to § 3621, and the BOP's designation of a place of imprisonment is unreviewable by any court, the Court lacks jurisdiction to review the BOP's decision to transfer Petitioner to FDC, whether based on its interpretation of the term "imprisonment" or otherwise.  Thus, the Petition is DISMISSED to the extent it seeks judicial review of the BOP's decision to transfer Petitioner to FDC.[8]

## II.   Constitutional Allegations

The Court acknowledges that it generally has jurisdiction to decide whether the BOP acted contrary to established law, violated the Constitution, or exceeded its statutory authority.  *See Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016); *Close v. Thomas*, 653 F.3d 970, 973–74 (9th Cir. 2011); *Reeb*, 636 F.3d at 1228.  But to the extent Petitioner argues that the BOP's interpretation of § 3621(b)—resulting in his improper transfer to FDC—violated the Constitution, he fails to state a § 2241 claim.

Petitioner offers contradictory arguments regarding his bases for relief.  In the memorandum in support of his Petition, he argues that the BOP's interpretation

---

[8]  Petitioner withdraws his jurisdiction arguments pursuant to *Nettles v. Grounds* and any "quantum change in level of custody."  ECF No. 8 at 2 ¶ 8.

of § 3621(b) violates the Eighth Amendment because FDC, a pretrial facility, does not provide "'the minimal civilized measures of life's necessities,' such as 'outdoor exercise.'"  ECF No. 1-1 at 4.  Yet in his Opposition to the Motion, he disclaims reliance on the Eighth Amendment for relief.  ECF No. 8 at 3 ¶ 7 ("Kaimana did not argue that he was entitled to relief because the BOP violated his Eight Amendment rights, and Respondent cannot point to any instance in Kaimana's memorandum where such a straightforward claim was made.").  He instead posits that the BOP's interpretation of § 3621(b) was contrary to his constitutional right to outdoor exercise.[9]  *Id.*  It is unclear how these arguments materially differ given that the Eighth Amendment is the exclusive provision identified by Petitioner for his claimed constitutional right to outdoor exercise.

Critically, Petitioner has not explained how the *execution* of his sentence is violating his civil rights under the Constitution, nor does he challenge the execution, duration, or legality of his sentence.  Rather, his allegations concern the conditions of his confinement.  *See Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) ("An Eighth Amendment claim that a prison official has deprived inmates of humane *conditions of confinement* must meet two requirements." (emphasis added)).  Where, as here, Petitioner complains about his lack of outdoor exercise and a successful challenge would not shorten his sentence, his claim is not

---

[9] As pled, this claim necessarily fails because it is part of Petitioner's APA claim.

cognizable pursuant to § 2241.  *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir.

2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison

condition will not necessarily shorten the prisoner's sentence.").  The same is true

of any other arguments Petitioner advances about why his placement at FDC is

improper, which concern the conditions of his confinement despite his efforts to

cast them as affecting the duration of his sentence.[10]  Even if the Court granted

---

[10]  For example, Petitioner argues that the duration of his sentence is affected by
his inability to participate in rehabilitation programs at FDC.  ECF 1-1 at 9–10.
Not only are these conditions of confinement claims non-cognizable in a habeas
action, prisoners do not have a right to rehabilitation programs, nor to be released
before the expiration of their sentences.  *See Hoptowit v. Ray*, 682 F.2d 1237,
1254–55 (9th Cir. 1982) *overruled on other grounds by Sandin v. Conner*, 515 U.S.
472 (1995) (holding that "[t]here is no constitutional right to rehabilitation"
because "[i]dleness and the lack of programs are not Eighth Amendment
violations" (footnote and citation omitted)); *Hernandez v. Johnston*, 833 F.2d
1316, 1319 (9th Cir. 1987) (holding that the due process clause does not create "a
liberty interest in prison education or rehabilitation classes"); *Greenholtz v.
Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no
constitutional or inherent right of a convicted person to be conditionally released
before the expiration of a valid sentence."); *Moody v. Daggett*, 429 U.S. 78, 88 n.9
(1976) (holding that because federal prison officials have full discretion to control
conditions of confinement such as prisoner classification and eligibility for
rehabilitative programs, the "petitioner has no legitimate statutory or constitutional
entitlement sufficient to invoke due process"); *Young v. Pfeiffer*, Case No. 1:16-cv-
01276-JLT (HC), 2016 WL 7229127, at *2 (E.D. Cal. Dec. 13, 2016) ("Petitioner
alleges a violation under the Fifth, Sixth, Eighth, and Fourteenth Amendments
because he is being denied access to rehabilitation programs . . . [a]gain, Petitioner
is challenging the conditions of confinement.  The claim is not cognizable in a
federal habeas action and must be dismissed.").

leave to amend Petitioner's Eighth Amendment claim—something he now disclaims in any event—it does not appear that Petitioner could plead a viable claim for habeas relief because the crux of his claim falls outside the province of § 2241. Accordingly, the Petition is DISMISSED.

III.   Recharacterization of the Petition is Inappropriate

In appropriate circumstances, courts have the discretion to convert a habeas petition to a prisoner civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *Nettles*, 830 F.3d at 936 (holding that a district court has the discretion to construe a habeas petition as a civil rights action under § 1983). However, recharacterization is appropriate only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief," and only after the petitioner is warned of the consequences of conversion and is provided an opportunity to withdraw or amend the petition. *Nettles*, 830 F.3d at 936.

The Court finds that recharacterization would be inappropriate in this case. First, Petitioner's claims are not cognizable and the constitutional authority upon which he bases any potential conditions of confinement claims is unclear. It is well established that a prisoner has no right to incarceration in a particular place; that designation rests exclusively with the BOP. *See* 18 U.S.C. § 3621; *cf.*

13

*Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution does not "protect a duly convicted prisoner against transfer from one institution to another"); *Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) ("When prison officials have legitimate administrative authority, such as the discretion to move inmates from prison to prison or from cell to cell, the Due Process Clause imposes few restrictions on the use of that authority, regardless of any additional motives which are claimed to exist.[]  It doesn't matter what label is placed on the action or what other reasons may be behind it; nor is it relevant that the conditions of confinement may become less pleasant as a result.").

Second, prisoner civil rights actions are subject to different requirements than are federal habeas proceedings, including higher filing fees.  The filing fee for a prisoner civil rights complaint proceeding in forma pauperis is $350.00[11] compared to the substantially lower $5.00 filing fee for habeas petitions.  *See* 28 U.S.C. § 1914(a).  The $350.00 fee may be deducted in full over time from a qualified prisoner's prison trust account.  *See* 28 U.S.C. § 1915(b)(1).  Petitioner may be unwilling to pay the considerably higher filing fee for a civil rights action.

---

[11]  The $400.00 filing fee for a civil action includes a $50.00 administration fee, which does not apply to applications for a writ of habeas corpus or to individuals granted in forma pauperis status.  *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14.

Third, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all claims relating to prison life that do not implicate the duration of a prisoner's sentence. *See Porter v. Nussle*, 534 U.S. 516, 523, 532 (2002) ("[F]ederal prisoners suing under *Bivens* [] must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."). Exhaustion is a prerequisite to bringing a civil rights action that cannot be excused by a district court. *See Woodford*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 739 (2001). Petitioner indicates that he exhausted all administrative by presenting his challenge—BOP's wrongful interpretation of the word "imprisonment under § 3621(b) violates the APA because a pretrial detention facility should not be a place of imprisonment—to the Office of General Counsel. Pet. at 1–4. However, it is unclear whether he exhausted administrative processes with respect to his other arguments that would be the subject of a *Bivens* action.

Finally, habeas petitions and civil rights actions are governed by different pleading standards. Federal Rule of Civil Procedure 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.

Civ. Proc. 8(a)(2), whereas Habeas Rule 2(c) requires a more detailed statement. The Habeas Rules instruct petitioners to "specify all the grounds for relief available" and "the facts supporting each ground."  Rule 2(c).  Petitioner's conclusory claims satisfy neither of these standards and are subject to dismissal. The Court therefore declines to recharacterize the action.

## CONCLUSION

In accordance with the foregoing, the Court GRANTS Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 4.  The Petition is DISMISSED without leave to amend.  To the extent Petitioner raises conditions of confinement claims that do not impact the duration or fact of his detention, those claims are DISMISSED without prejudice to raising them in a *Bivens* action.

IT IS SO ORDERED.

DATED:      Honolulu, Hawai'i, July 27, 2020.

Jill A. Otake
United States District Judge

CIVIL NO. 20-00048 JAO-KJM; *Kaimana v. Kobayashi*; ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

16